## SETH H. RIGGS *vs.* INHABITANTS OF LEE.

*Equalization statute—who are entitled to shares, and the proportion of shares under it.*

The soldiers entitled to share in the "surplus," mentioned in Act of 1868, c. 225, § 6,* are those who served on the town's quota without receiving a bounty from the town.

Their shares in the "surplus" are in proportion to the length of time they served, and may be recovered in an action of assumpsit after a demand therefor upon, and a refusal to pay by, the town.

ON REPORT.

This was an action of assumpsit in which the plaintiff, who enlisted and served three years in the rebellion without having received any bounty, claims to recover his proportion of the money paid the defendant town under the Act of 1868, c. 225.

Chief Justice Appleton, as referee, found the following facts : That the plaintiff made a demand on the selectmen at the March meeting previous to the bringing of this action ; that the defendants furnished the commissioners with a certified copy of the vote of the town as required by Act of 1868, c. 225, § 6, and a list of the soldiers of the town who enlisted, were drafted, or served as substitutes and the period for which they enlisted and served, on which list the plaintiff's name appears ; that the commissioners allowed the town $3,500 ; that there was paid into the town's treasury $3,337 of that sum, and that after deducting the amount

---

*Pub. Laws of 1868, c. 225, § 6. "No towns or plantations which furnished their quotas as aforesaid, without the payment of any bounty or by the payment of a less aggregate bounty than the sum reimbursable under this act, shall be entitled to receive the certificate provided by § 3, until they shall have furnished the commission with a certified copy of a vote of such towns or plantations appropriating the sum to which they would be entitled, or the surplus of the same above the amount actually paid out, to the soldiers who enlisted or were drafted and went any time during the war, or, if deceased, to their legal representatives."

Riggs v. Inhabitants of Lee.

of $1,850, for bounties previously paid by the town to certain soldiers on their enlistment, there remained $1,487 ; that this last sum had been paid out on town, orders before demand or suit brought ; that there were five men who served nine months, eleven men who served one year, and twenty men who had served three years, without receiving any bounty, and nine three-years men who had received bounties from the town. There was also in evidence the vote of the town to appropriate the sum to which it was entitled under the Act above referred to, or the surplus of the same above the amount actually paid out, to the soldiers who enlisted or were drafted and went any time during the war; or if deceased to their legal representatives.

Upon these facts the court was to determine whether the plaintiff was entitled to recover, and if so, for what sum, and the proportions to be paid to the different classes of men in the service.

*A. W. Paine* and *C. A. Cushman*, for plaintiff.

We claim to hold the town liable in a twofold manner.

I. By virtue of their vote and the consequent receipt of this money under it. They agreed thereby to so appropriate the money received.

The case is precisely that of the " surplus revenue " cases. *Davis* v. *Bath*, 17 Maine, 141; *Fletcher* v. *Buckfield*, 17 Maine, 81; *Pease* v. *Cornish*, 19 Maine, 191. The same principle is recognized in *Simmons* v. *Hanover*, 23 Pick. 188; *Cooley* v. *Granville*, 10 Cush. 56.

II. As trustee holding money for our use, the town is liable here. The town had a legal right to receive the money and did so, voluntarily and in trust, and thus became liable as trustee to pay it for the use for which it was received.

*A. Sanborn*, for defendants.

This fund was a joint fund belonging to the soldiers jointly, and this action cannot be maintained, if any action at law is maintainable, because the other soldiers who are living, and there is no evidence that any are dead, are not joined with the plaintiff. 1

Chitty's Pl. 5 ; 1 Saunders, 153, note 1. Not too late to make the objection now. 1 Chitty's Pl. 7.

If this sum was a bailment, a deposit made by the State with the town for the benefit of the soldiers, this action cannot be maintained without demand upon the town. Story on Bailments, § 107, and notes ; *Hosmer* v. *Clarke,* 2 Greenl. 308.

Such demand was not made.

1. No stated sum was demanded.

2. The selectmen had no authority over the fund without an express vote of the town. The demand was therefore insufficient. There was no conversion of this money, thereby rendering a demand unnecessary.

. But the fund was a trust fund and an action at law does not lie to recover it. The only remedy is in equity.

" A trust is an obligation upon a person, arising out of a confidence reposed in him to apply property according to such confidence." Bouvier's Law Dict. 607 ; 2 Story's Eq. Jur., § 964 ; 4 Kent's Com., 8th ed., 316, § 61 ; 3 Black. Com. 431.

The distinction between this case and *Hall* v. *Marston,* 17 Mass. 575, and *Lewis* v. *Sawyer,* 44 Maine, 332, is, that in this case the State had no right to take back the money, had no legal interest in it before it was paid to the soldiers, and in those cases parties sending money by one person to be paid over to a third person had that right and interest, and the money could not be considered a trust fund.

WALTON, J. The soldiers entitled to share in the " surplus " mentioned in c. 225, § 6, of the public laws of 1868, entitled " An Act for the equalization of municipal war debts, and a limited assumption and reimbursement by the State," are those who served on the town's quota without receiving any bounty from the town.

Their shares in the " surplus " are in proportion to the length of time they served. A soldier who served three years is entitled to three times as much as the soldier who served but one year ; and four times as much as the soldier who served but nine months.

A soldier may recover his share of the "surplus" in an action of assumpsit after demanding it of the town and a refusal to pay it. The demand may be made upon the selectmen.

Upon the facts found and reported by the chief justice, the plaintiff is entitled to recover for his three years' service, $59.68. Those who served one year are entitled to $19.89. Those who served nine months are entitled to $14.92. To which interest will be added from the date of the demand.

*Judgment for plaintiff for $59.68.*

APPLETON, C. J. ; CUTTING, DICKERSON, BARROWS, and PETERS, JJ., concurred.